## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| W.C. McMULLIN, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-09-2347 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, W.C. McMullin, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for indecency with a child. The respondent moves for summary judgment on the ground that McMullin did not exhaust his state-court remedies. (Docket Entry No. 16). McMullin filed a response. (Docket Entry No. 18). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, dismisses this case without prejudice to allow exhaustion of the state remedies. The reasons for this ruling is set forth below.

## I.    Background

A jury in the 339th Judicial District Court of Harris County, Texas found McMullin guilty of the felony offense of indecency with a child. (Cause Number 1012361). On December 6, 2005, the judge sentenced McMullin to life imprisonment. The Texas appellate court summarized the evidence at trial as follows:

> The complainant and her brother were visiting their aunt, Tara Crooms, in early December 2004 for a Christmas party. After the party, the complainant's parents had not picked up her and her brother, so they fell asleep on the sofa in Crooms's living room. Crooms and her family went to sleep at approximately 11:30 that night. At approximately 2:00 in the morning, one of Crooms's

> children awakened her, and Crooms walked through the living room
> to get the child some juice.  When she entered the living room, she
> saw appellant, who was Crooms's stepfather, and the complainant
> lying on the floor under a blanket.  When appellant saw Crooms, he
> threw the blanket off and ran into the bathroom.  Crooms testified that
> appellant's pants were down, and he tried to pull them up as he ran to
> the bathroom.  Crooms questioned the complainant who told her that
> appellant had touched her "private part" and had made her touch his
> "private part."  Crooms called the police, who arrested appellant for
> indecency with a child.  Appellant was convicted, pleaded true to a
> prior conviction for indecency with a child, and was sentenced to life
> in prison.

*McMullin v. State,* No. 14-05-01243-CR, 2006 WL 3797760, *1 (Tex. App. -- Houston [14th Dist.]

2006, pet. ref'd)(not designated for publication).

On direct appeal, McMullin raised the following issues:

(1)     the trial court erred in overruling his objection to the prosecutor's closing argument

at the end of the guilt-innocence phase;

(2)     he received ineffective assistance because trial counsel failed to object to the closing

argument on the ground that it was a direct comment on his failure to testify;

(3)     he was denied his right to effective assistance when trial counsel failed to object to

punishment evidence from Tara Crooms that was outside her personal knowledge; and

(4)     he was denied effective assistance because trial counsel failed to object to extraneous

victim impact testimony.

The appellate court affirmed the conviction on December 28, 2006, after considering and

rejecting these arguments.  The Texas Court of Criminal Appeals refused McMullin's petition for

discretionary review on April 25, 2007.

McMullin filed an application for state habeas corpus relief on March 31, 2008.  This application remains pending in state court.  McMullin filed a petition for a writ of mandamus on October 21, 2008, which the Texas Court of Criminal Appeals denied on November 26, 2008.  *Ex parte McMullin,* Application No. 70,913-01 at cover.

On July 24, 2009, this court received McMullin's federal petition.  McMullin contends that his trial counsel provided ineffective assistance by:

(1)    failing to (a) interview and subpoena mental health professionals and obtain medical records from the Veteran's Administration hospital to document McMullin's history of mental illness; (b) provide the county's psychiatrist with McMullin's Veteran's Administration hospital medical records; and (c) pursue McMullin's insanity or diminshed capacity defense;

(2)    advising McMullin that his prior convictions and extraneous offenses could be used against him if he testified; and

(3)    forbidding McMullin to testify.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

## II.    The Issue of Exhaustion

Title 28 U.S.C. § 2254(b) and (c) provide in part as follows:

(b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A)  the applicant has exhausted the remedies available in the courts of the State; or (B) (i)  there is an absence of available state corrective process; or (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of

this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In general, before a state prisoner may seek federal habeas relief, he must exhaust available state remedies. *See* 28 U.S.C. § 2254(b). Exhaustion normally requires that the federal claim have been fairly presented to the highest court of the state, either on direct review or in a postconviction attack. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983).

In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry,* 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)). A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Exhaustion is not required "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth,* 454 U.S. at 3. The exhaustion doctrine does not apply when the state system inordinately and

4

unjustifiably delays review so as to impinge on a petitioner's due process rights. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n.3 (5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir. 1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992)).

In Texas, a criminal defendant may challenge a conviction in two ways. A petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals. A petitioner may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The respondent argues that McMullin failed to exhaust his state court remedies because his state habeas application remains pending in state court. McMullin argues that the exhaustion requirement should not be applied because the state trial court has unreasonably delayed processing his state application. (Docket Entry No. 18, Petitioner's Response, p. 5). McMullin argues that his state habeas corpus petition has been pending in the state trial court since March 2008, for more than

two years.  He argues that this delay makes the state corrective process ineffective, excusing him from satisfying the exhaustion requirement before seeking federal habeas review.  McMullin asks this court to bypass the exhaustion requirement and adjudicate the merits of his claims.  (Docket Entry No. 18, Petitioner's Response, pp. 3-5).

In *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993), the Fifth Circuit stated that an unjustifiable delay in processing a state habeas application can be grounds for excusing a petitioner from exhausting state remedies.  The court emphasized that the "inordinate delay exception requires that the delay in state review be solely attributable to inadequate state procedure." *Deters*, 985 F.2d at 795 (emphasis in original).  The Fifth Circuit has not established a bright-line test for determining when the state process presumptively has become ineffective because of delay.  In determining whether a delay of a prisoner's direct appeal violates due process, courts examine the length of the delay, the reasons for the delay, the defendant's assertion of his right, and the prejudice to the defendant occasioned by the delay.  *See Barker v. Wingo,* 407 U.S. 514, 530 (1972); *United States v. Bermea,* 30 F.3d 1539, 1568-69 (5th Cir. 1994), *cert. denied,* 115 S. Ct. 1113 (1995) (citing *Rheuark v. Shaw,* 628 F.2d 297, 302-04 (5th Cir. 1980), *cert. denied,* 450 U.S. 931 (1981)).

In analyzing the *Barker v. Wingo* factors in the context of a federal criminal appeal, the Fifth Circuit found that while a year and a half delay between the filing of the notice of appeal and receipt of the record is "unfortunate, it is not so excessive as to militate strongly in [the appellant's] favor." *Bermea,* 30 F.3d at 1569.  In the direct appeal and habeas contexts, the Fifth Circuit has found that unexplained delays of two years are presumptively prejudicial.  *See, e.g., Shelton v. Heard,* 696 F.2d 1127, 1129 (5th Cir. 1983) (an unexplained 16-month delay between when the record was completed and when it was filed in the state appellate court allowed the petitioner to be excused from

exhausting his state remedies); *Rheuark v. Shaw,* 628 F.2d 297, 302 (5th Cir. 1980) (civil rights case) (the Fifth Circuit assumed, without deciding, that a delay of nearly two years in the preparation of the statement of facts exceeded the limits of due process); *Breazale v. Bradley,* 582 F.2d 5, 6 (5th Cir. 1978) (stating that exhaustion should be excused because the state habeas petition had been dormant for over a year and the state had offered "no reason for its torpor"); *Rheuark v. Wade,* 540 F.2d 1282, 1283 (5th Cir. 1976) (remanding to allow the district court to determine if a 15-month delay in preparing the transcript was justified); *St. Jules v. Beto*, 462 F.2d 1365, 1366 (5th Cir. 1972) (stating that seventeen-month delay in state habeas court made exhaustion requirement meaningless); *Dixon v. Florida*, 388 F.2d 424, 425-26 (5th Cir. 1968); (nineteen-month delay by a state court in considering a defendant's motion for review of his conviction is excessive).

Petitioners who have contributed to the delay are not excused from the exhaustion requirement. *Deters*, 985 F.2d at 795. If the delay is justifiable, the exhaustion requirement applies. *See Dixon,* 388 F.2d at 426 (remand for determination whether delays were justifiable; if delays were justifiable, petition should be dismissed for failure to exhaust state remedies).

McMullin filed his state habeas application in March 2008. The state habeas court has not yet ruled. This two-year delay is presumptively prejudicial. The remaining *Barker* factors, the reasons for the delay, the defendant's assertion of his right, and the prejudice to the defendant occasioned by the delay, must be analyzed.

One reason for the delay appears to be that McMullin's trial counsel, Ken Smith, has not responded to the state court's order for an affidavit and answers to questions. The state habeas court adopted the respondent's Proposed Order Designating Issues on April 22, 2008. *Ex parte McMullin,* Application No. 70,913-01, Ex. B, p. 1. On July 1, 2008, the state habeas court ordered Ken Smith

to file an affidavit within twenty days about his representation of McMullin at trial.  *Ex parte McMullin,* Application No. 70,913-01, Ex. C, p. 1.  The state habeas court further ordered Smith to respond to fourteen questions.  *Id.* at 1-2.  Nothing in the record indicates that Smith has complied. Online research reveals that on June 9, 2010, the Texas State Bar sanctioned Smith with a disability suspension.  Smith is currently not eligible to practice law in Texas.  It is not clear if or when the suspension will be lifted.  Even if Smith cannot or will not provide an affidavit and answers to the questions, the state habeas court must decide the application.

The record does not show that the state habeas court's delay in deciding is "wholly and completely the fault of the state."  *Deters,* 985 F.2d at 796.  McMullin's defense attorney's failure to submit an affidavit has contributed in part to the delay at the state level.  The record shows that McMullin does have a state forum in which to present his claims.  Although McMullin seeks to excuse his failure to exhaust because of the delay in processing his state writ, he does not show that his state remedies are unavailable or that it would be futile to pursue the available state remedies through completion.  The second *Barker* factor does not weigh in favor of finding an exception to exhaustion.

*Barker* also instructs that "[t]he defendant's assertion of his speedy trial right . . . is entitled to *strong evidentiary weight* in determining whether the defendant is being deprived of the right." 407 U.S. at 531-32 (emphasis added).  The vigorousness with which a defendant complains about the delay will often correspond to the seriousness of the deprivation.  *Id.*  The Fifth Circuit has construed vigorous and timely assertions of the right to a speedy trial as weighing in the defendant's favor.  *See United States v. Cardona,* 302 F.3d 494, 498 (5th Cir. 2002); *see also, e.g., Cain v. Smith,* 686 F.2d 374, 383-84 (6th Cir. 1982) (construing *Barker* to require that a defendant's diligent and

persistent assertion of his rights to a speedy trial "will weigh most heavily against the government"). In the habeas context, the relevant issue is the timeliness of the defendant's postconviction challenges. McMullin filed a petition for a writ of mandamus on October 21, 2008, and the Texas Court of Criminal Appeals denied it on November 26, 2008. *Ex parte McMullin,* Application No. 70,913-01 at cover. Under the Supreme Court's precedent in *Barker,* McMullin's timely request for mandamus relief weighs in his favor.

The final *Barker* test requires assessing any prejudice "in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker,* 407 U.S. at 532. These interests include: (1) prevention of oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility of impairment to the defense. *Id.* "Unreasonable delay between formal accusation and trial threatens to produce" these recognized categories of harm. *Doggett,* 505 U.S. at 654. When applying the *Barker* factors in the postconviction context, the showings are somewhat different because the defendant has already been convicted. McMullin is serving a life sentence; there is no danger that his sentence will expire before the state postconviction proceedings are completed. Moreover, a properly filed application for state postconviction relief tolls limitations for federal relief. 28 U.S.C. § 2244(d)(2)(West 1997). The federal limitations period will be tolled for the period McMullin's state habeas application remains pending in state court. This factor does not weigh in McMullin's favor.

At this time and on this record, this court is reluctant to bypass the exhaustion requirement and address the merits of McMullin's federal petition. The reasoning in *Deters* is instructive:

> Because no Texas appellate court, let alone the Court of Criminal Appeals, has reviewed the merits of Deters' claims, this Court would unduly trample upon the objectives of the exhaustion doctrine to

> reach the merits of this case.  Because Deters' state appeal is still
> pending, we would have to ignore the doctrine of federal-state comity
> by disrupting that ongoing state process.  More practically, we would
> have to reach the merits without the aid of a complete record.  We
> therefore hold that Deters' failure to comply with the exhaustion
> requirement precludes our review of the merits here.  This holding in
> no way denigrates the claims which Deters makes, for he presents
> serious allegations which clearly merit review.  However, we find that
> at this juncture the federal system is not the proper forum to review
> those claims.

*Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993).

In this case,  no Texas appellate court, let alone the Court of Criminal Appeals, has reviewed

the merits of McMullin's newly added ineffective assistance claims.  Because McMullin has not

fairly presented all of his ineffective assistance claims to the Texas Court of Criminal Appeals, that

court has had no opportunity to review the claims raised in the instant federal petition.  A ruling from

the federal court at this juncture would preempt the state court from performing its proper function.

*See Rose,* 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role

in the enforcement of federal law and prevent the disruption of state judicial proceedings").  Because

the state courts have not completed their review of his application under Article 11.07 of the Texas

Code of Criminal Procedure, this avenue for review remains available.  McMullin has not shown a

statutory exception to the exhaustion doctrine.  The pending federal habeas petition is dismissed

without prejudice as premature for lack of exhaustion.

## III.    Conclusion

The respondent's motion for summary judgment based on the failure to exhaust state court

remedies, (Docket Entry No. 16), is granted.

Due to the sensitivity of the information relating to McMullin's mental health, the respondent has moved to have copies of McMullin's medical records from the Veteran's Administration Hospital filed under seal. (Docket Entry No. 17). This motion is granted. The Clerk must maintain these documents under seal to prevent the unauthorized disclosure of confidential information.

The respondent moved to withdraw a previous motion to file records under seal. (Docket Entry No. 15). The respondent explained that he inadvertently failed to attach the proper records to the motion to filed records under seal. The motion to withdraw previous motion to file records under seal, (Docket Entry No. 15), is granted. The previous motion to file records under seal, (Docket Entry No. 14), is stricken.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). Under Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. In *Alexander v. Johnson*, 211 F.3d 895 (5th Cir. 2000), the Fifth Circuit explained that a district court may decide whether to issue a certificate of appealability without a motion. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This court will not issue a certificate of appealability.

SIGNED on June 21, 2010 at Houston, Texas.

Lee H. Rosenthal
United States District Judge